# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PAMELA CUNNINGHAM, | ) |
| | ) |
| Plaintiff, | ) No. 07-cv-656-JPG |
| | ) |
| vs. | ) |
| | ) |
| MANPOWER PROFESSIONAL | ) |
| SERVICES INC. and | ) |
| USCADEN CORPORATION, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Pamela Cunningham's ("Cunnningham") motion to remand (Doc. 11) to which defendants Manpower Professional Services, Inc. and USCADEN Corporation have responded (Doc. 16).

## I.   Background

Cunningham filed this case on July 5, 2007, in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois.  She claims that the defendants, her former employers, discharged her in retaliation for her filing a worker's compensation claim and seeks damages in "an amount in excess of $50,000" and "such other relief as this Court may deem just and proper." Attached to the complaint is an affidavit from Cunningham's counsel stating that "the total of any damages sought in this claim **does exceed** $50,000.00, but does not exceed $75,000.00" (emphasis in original).  Cunningham served the defendants on August 20, 2007.

Noting that the parties are completely diverse and believing that Cunningham's damages, if any, may be valued at more than $75,000, the jurisdictional minimum amount in controversy set forth in 28 U.S.C. § 1332(a), the defendants asked Cunningham on August 29, 2007, to sign an affidavit stating that the amount in controversy was less than $75,000 and stipulating that she

would limit her request for damages to less that the jurisdictional minimum. They also announced their intention to remove the case if they did not receive such assurances from Cunningham by September 7, 2007. Cunningham did not respond to the defendants' request, so on September 19, 2007, the defendants removed the case to federal court under 28 U.S.C. § 1441(a).

On November 30, 2007, Cunningham filed the pending motion to remand along with an affidavit from Cunningham dated September 24, 2007, stating that "the total of any damages sought in this claim does not exceed $75,000.00." She maintains that this, along with her attorney's affidavit attached to her complaint, is sufficient to establish that the amount in controversy does not exceed $75,000, exclusive of interest and costs.

The defendants argue that the affidavit is insufficient because it only states what Cunningham is *currently seeking* and does not address the actual *amount in controversy* in this case. They fear that later Cunningham may amend her complaint to increase her demand or may be awarded more than $75,000 at the end of the case regardless of her demand.

**II.     Discussion**

The defendants properly removed this case to federal court. A defendant may remove to federal court a case filed in state court if there is original federal jurisdiction over the case. 28 U.S.C. § 1441(a); *Chase v. Shop 'N Save Warehouse Foods*, 110 F.3d 424, 427 (7th Cir. 1997). In this case, the defendants rely on federal diversity jurisdiction under 28 U.S.C. § 1332(a), which requires that the parties be completely diverse and that the amount in controversy exceed $75,000 exclusive of interest and costs. Because the parties do not dispute that they are diverse, the only real issue is whether the amount in controversy was sufficient. "The amount in controversy is the amount required to satisfy the plaintiff's demands in full. . . ." *Oshana v. Coca-Cola Co.*, 472

F.3d 506, 510-11 (7th Cir. 2006), *cert. denied*, 127 S. Ct. 2952 (2007).

The defendants, as the parties seeking to invoke federal jurisdiction, bear the burden of demonstrating by a preponderance of the evidence that the plaintiff stands to recover more than $75,000 in the suit. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006); *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006); *Chase*, 110 F.3d at 427. After the Court decides any contested facts relevant to the amount in controversy, "the case stays in federal court unless it is legally certain that the controversy is worth less than the jurisdictional minimum." *Meridian*, 441 F.3d at 542; *see St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938) ("[T]he sum claimed by [the proponent of federal jurisdiction] controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.") In removal cases, the amount in controversy is determined based on the plaintiff's complaint at the time the notice of removal is filed. *Meridian*, 441 F.3d at 538; *Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1993). Thus, in this case, the defendants must establish that more than $75,000 was in issue at the time it filed its notice of removal on September 19, 2007.

To determine the amount in controversy where the complaint does not establish the amount, the Court may consider evidence in the record. *Chase*, 110 F.3d at 427-28. It may not, however, take into consideration whether a valid defense to the complaint exists. *Schunk v. Moline, Milburn & Stoddard Co.*, 147 U.S. 500, 504-05 (1893); *accord Pratt Cent. Park Ltd. v. Dames & Moore, Inc.*, 60 F.3d 350, 356 (7th Cir. 1995).

The defendants point to two pieces of evidence to show that the amount in controversy in

3

this case exceeds $75,000. It first notes that Cunningham's complaint contains an open-ended prayer for relief seeking: "(a) Loss of wages, benefits, raises and promotions, past and future; (b) Costs associated with securing subsequent employment; and (c) Humiliation and mental distress," plus "such other relief as this Court may deem just and proper." They argue that these enumerated elements of damage, plus possible punitive damages, *see Kelsay v. Motorola, Inc.*, 384 N.E.2d 353, 360 (Ill. 1978), are likely to exceed $75,000.[1] The defendants do not provide any evidence of the nature of Cunningham's job, her pay and benefits, or other facts that could help the Court determine how far beyond $50,000 Cunningham's damages may reach.

      They also argue that Cunningham refused to execute a binding affidavit and stipulation prior to removal that the amount in controversy was $75,000 or less. "Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints." *In re Shell Oil Co.,* 970 F.2d 355, 356 (7th Cir. 1992) (*per curiam*); *accord Chase*, 110 F.3d at 430. The refusal to make such a stipulation is evidence that amount in controversy exceeds the jurisdictional minimum. *See Chase*, 110 F.3d at 428. The defendants argue that the affidavits executed by Cunningham and her counsel are not sufficient because they were not binding as to the amount recoverable in the suit. Furthermore, they argue that Cunningham's affidavit, executed after the date of removal, does not implicate the amount in controversy on the date of removal because post-removal affidavits that attempt to reduce the amount in controversy will not deprive a court of jurisdiction it rightfully had on the date of removal. *See St. Paul*, 303 U.S. at 293*; Chase*, 110

---

[1] Although Cunningham has not specifically requested punitive damages, they are available to her. Under Illinois and federal law, a complaint's prayer for relief does not limit the relief available. *BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 552 (7th Cir. 2002); *see* 735 ILCS 5/2-604.

F.3d at 429.

Cunningham rests on the validity of the affidavits she has tendered.

This is a close case, but the Court must conclude that the amount in controversy exceeds $75,000, that is, that it is not a legal certainty that the amount in controversy is $75,000 or less. The first piece of evidence – the prayer for relief – weighs in favor of finding that Cunningham stands to gain more than $75,000 for her claim. Her prayer for relief establishes that the amount in controversy exceeds $50,000, so substantial damages are clearly in issue. Furthermore, the prayer for relief is expansive. Although the Court has no firm numbers as to the wages or benefits Cunningham lost, the fact that the request includes lost wages into the future indefinitely confirms the prospect of substantial damages. Even a minimal rate of pay has the potential to amount to more than $75,000 through future years. In combination with the other relief that could possibly be awarded, a reasonable inference from the complaint is that Cunningham stands to win more than $75,000 if she prevails in this case.

As for the affidavits, the Court considers only the affidavit attached to the Complaint; Cunningham's post-removal affidavit comes too late to shed light on the amount in controversy at the time of removal. *See St. Paul*, 303 U.S. at 289-90; *Meridian*, 441 F.3d at 538; *Rising-Moore*, 435 F.3d at 816. A close reading of Cunningham's counsel's affidavit reveals that it does not bind Cunningham to a recovery of less than $75,000. An affidavit or stipulation must be binding before it will limit the amount in controversy for jurisdiction purposes in a jurisdiction, like Illinois, where the prayer for relief creates no such limits. *Oshana*, 472 F.3d at 511 (citing *BEM I*, 301 F.3d at 552)). Counsel's affidavit simply states that Cunningham is *seeking* $75,000 or less, but it does not agree that only that amount is in controversy, does not bind her to

5

accepting only that amount and does not prohibit her from changing her mind later in the litigation to seek greater damages. Thus, counsel's affidavit does not support the conclusion that there is a legal certainty that the controversy is worth $75,000 or less.

Moreover, Cunningham's refusal to sign an affidavit or stipulation that would bind her to a lower amount leads to the inference that she thinks her claim may be worth more. *See Oshana*, 472 F.3d at 512 (citing *Workman v. United Parcel Serv.*, 234 F.3d 998, 1000 (7th Cir. 2000)). She cannot play "a cat-and-mouse game" with her affidavit to deprive the defendants of their right to a federal forum where $75,000 or more is in controversy or their right to assurances that $75,000 or less would be awarded in a state court forum. *See Oshana*, 472 F.3d at 512-13. The Court does not suggest that Cunningham needed to sign the exact affidavit and stipulation tendered by the defendants to avoid federal diversity jurisdiction. However, she must have expressed some agreement prior to removal that the jurisdictional amount in controversy was $75,000 or less or that she would not now or ever seek or accept more than $75,000. Her counsel's affidavit tiptoed around such a promise but did not actually make it.

For these reasons, the Court finds that the amount in controversy exceeded $75,000 at the time of removal. Thus, the minimal amount in controversy to support diversity jurisdiction is met, and this case must remain in federal court.

**III. Conclusion**

For the foregoing reasons, the Court **DENIES** the motion to remand (Doc. 11).

**Dated: March 18, 2008**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

6